UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NELSON ESTRADA,** *on behalf of himself and all others similarly situated*,<br><br>     *Plaintiff*,<br> v.<br><br>**ALPHA LAB SERVICES, INC.,**<br><br>     *Defendant*. | Civil Case No.: 1:24-cv-03531<br><br>**District Judge Andrea R. Wood** |

## PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff Nelson Estrada ("Plaintiff") brings this Motion to Enforce the Settlement Agreement entered into on September 30, 2025, with Defendant Alpha Lab Services, Inc. ("Alpha Lab"), Saleem Qadri ("Qadri"), and CGI Investments, LLC ("CGI"),[1] or in the alternative, to schedule an evidentiary hearing.

### I. FACTUAL BACKGROUND

On May 1, 2024, Plaintiff filed a class action complaint under the Telephone Consumer Protection Act ("TCPA") against Alpha Lab. Alpha Lab was served by personal service on Qadri (ECF 10), but Alpha Lab never answered the complaint. Plaintiff sought an order of default and requested leave to conduct discovery to prove class damages. ECF 11–12. The motions were granted. ECF 13.

Plaintiff served a subpoena for documents and a deposition on Alpha Lab, commanding the presence of a corporate representative of Alpha Lab on October 15, 2024, at the offices of

---

[1] CGI and Qadri are not (yet) parties to this action. However, Qadri is one of the principals of Alpha Lab. CGI is a 50% owner of Alpha Lab (ECF 27) and, according to representations from Alpha Lab's counsel, Dan Garbis ("Garbis"), CGI was the entity retained by Alpha Lab to conduct telephone marketing on behalf of Alpha Lab that is at issue in this case.

Plaintiff's counsel. Qadri was personally served, but Alpha Lab did not appear for the deposition and produced no documents or objections. ECF 14-3.

Plaintiff filed a motion for an order to show cause ("OSC") why Defendant and its principal, Qadri, should not be held in contempt. ECF 14. On August 4, 2025, the Court granted the motion for an OSC. ECF 18. On September 4, 2025, Qadri appeared on his own behalf before the Court via telephone and represented that he had not previously received notice of the complaint or the lawsuit. However, the affidavit of the process servers swear that Qadri was personally served the summons and complaint on June 12, 2024 (ECF 10) and with the subpoena on September 19, 2024 (ECF 14-3). The Court questioned the veracity of Mr. Qadri's claims regarding service during the hearing. Furthermore, additional email correspondence filed with Plaintiff's motion for an OSC establishes that Qadri previously knew about the lawsuit because an attorney purporting representing Alpha Lab was in communication with Plaintiff's counsel before Alpha Lab was defaulted. ECF 14-4. At the telephonic hearing on September 4, 2025, Qadri requested additional time to "resolve" the matter with Plaintiff, and based on Qadri's representations to the Court, the Court granted additional time for the parties to discuss a possible resolution. ECF 20.

On September 30, 2025, the day before the rescheduled hearing, Alpha Lab, Qadri, and CGI on the one hand, and Plaintiff on the other hand agreed on all essential terms of a settlement agreement over a series of telephone calls between counsel, memorialized in email communications between their counsel. The email correspondence is attached hereto as <u>Exhibit 1</u>.

Plaintiff's counsel emailed counsel for Qadri, Alpha Lab, and CGI immediately after the deal was concluded to summarize the material terms. Plaintiff's counsel wrote "we have agreed to settle the case on the following terms":

1. Payment of $[confidential] within 30 days.

2

2. Plaintiff will release his TCPA claims against Alpha Lab, Qadri, and CGI.

3. Mutual confidentiality.

4. Dismissal of Plaintiff's individual claims with prejudice, and dismissal of the claims of the putative class without prejudice.

*See* Exhibit 1.

Garbis, acting as counsel and negotiator for Alpha Lab, Qadri, and CGI, wrote back one minute later: "Confirmed!" *See* Exhibit 1.

Based on the agreement reached between Plaintiff and Alpha Lab, Qadri, and CGI, the parties filed a joint request to strike the October 1, 2025, status hearing and reschedule it for November 17, 2025. ECF 21. The Court granted the parties' request. ECF 22.

On October 2, 2025, Plaintiff's counsel sent to Garbis a draft settlement agreement. After unsuccessfully trying to get a response, Plaintiff filed a motion for a status hearing (ECF 23), which the Court granted (ECF 24). Wesley Johnson, Esq. filed an appearance on behalf of Alpha Lab on the eve of the hearing. ECF 25. At the hearing, Mr. Johnson represented that he was recently retained by Alpha Lab and was familiarizing himself with the matter. The parties and the Court agreed to schedule a status hearing for December 10, 2025. ECF 28.

Plaintiff's counsel has followed up twice with Mr. Johnson regarding the matter—on November 7 and 20, 2025. Plaintiff's counsel also sent Mr. Johnson a copy of the settlement agreement. As of this filing, Plaintiff's counsel has not received the courtesy of any response from Defendant or its counsel.

**II.    LEGAL STANDARD**

A "district court, in its role as supervisor of the litigation, may summarily enforce a settlement agreement." *Hakim v. Payco-Gen. Am. Credits, Inc.*, 272 F.3d 932, 936 (7th Cir. 2001). A binding agreement requires a meeting of the minds or mutual assent as to all material terms.

*Abbott Labs v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 1999). Like any other contract, a settlement agreement is enforceable if it sufficiently defines the parties' intentions and obligations. *Beverly v. Abbott Labs*, 817 F.3d 328, 333 (7th Cir. 2016). Whether the parties had a "meeting of the minds" is determined not by their actual subjective intent, but by what they expressed to each other in their writings. Thus, the parties decide for themselves whether the results of preliminary negotiations bind them, and they do so through their words. *Id*.

"There is a general policy favoring enforcement of settlement agreements." *Foster v. Nat'l City Bank*, No. 05 C 6992, 2007 WL 1655250, at *3 (N.D. Ill. June 6, 2007). A district court's decision to enforce a settlement agreement is reviewed for abuse of discretion. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007).

**III. ARGUMENT**

The Settlement should be enforced because the parties unambiguously expressed mutual assent to the material terms of the settlement. At the September 4, 2025 status hearing, Qadri stated to the Court that he intended to resolve the matter and requested additional time to do so. On September 30, 2025, the material terms of the settlement were agreed to over the phone—including the monetary amount of the settlement payment, the terms of the release, mutual confidentiality, dismissal of Plaintiff's individual claims with prejudice, and dismissal of the putative class members' claims without prejudice. *See* Exhibit 1. Plaintiff's counsel and Defendant's counsel held numerous discussions regarding settlement, and ultimately arrived at an agreement to resolve the case for a sum certain that would release Alpha Lab, Qadri and CGI. The confirmatory emails sent immediately after the phone calls clearly and unambiguously confirmed that the parties settled the matter. *See* Exhibit 1. The material terms were reduced to writing by Plaintiff's counsel and emailed to Garbis. Garbis immediately responded, "Confirmed!" *See* Exhibit 1.

4

The material terms of the agreement included Defendant's payment of a sum certain in exchange for Plaintiff's release of claims and dismissal of the case. "[A] settlement agreement in which a plaintiff agrees to drop all claims against the defendants in exchange for a specific sum of money is enforceable." *See Beverly,* 817 F.3d at 335 (citing *Wilson v. Wilson*, 46 F.3d 660, 667 (7th Cir. 1995)). The fact that Plaintiff's counsel sent a draft of a more formal writing to be signed does not render the agreement unenforceable, because the parties' mutual obligations were not dependent on future execution of a final contract with additional terms. *Beverly*, 817 F.3d at 334; *see also Alpha Therapeutic Corp.*, 164 F.3d at 388 ("Anticipation of a more formal future writing does not nullify an otherwise binding agreement."). Because there is no question that the material terms of the settlement were agreed to by the parties, the Court should enforce the settlement.

In the alternative, if the Court believes issues of fact must be resolved, then Plaintiff requests that the Court schedule an evidentiary hearing on the disputed issues on a date that provides sufficient time for Plaintiff to conduct discovery on Garbis, Qadri, Alpha Lab, and CGI's representatives. *Sims-Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 449 (7th Cir. 2004) ("when the existence or terms of a settlement agreement are in dispute, the district court should hold an evidentiary hearing to resolve the disputes or ambiguities").

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court enter an order enforcing the parties' settlement, or in the alternative, schedule an evidentiary hearing, and for such other relief as the Court deems appropriate.

Respectfully submitted,

By: /s/ Thomas A. Zimmerman, Jr.
     Thomas A. Zimmerman, Jr.

5

*tom@attorneyzim.com*
Jeffrey D. Blake
*jeff@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, IL 60602
Tel: (312) 440-0020
Fax: (312) 440-4180
*www.attorneyzim.com*

Max S. Morgan
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

Attorneys for Plaintiff